**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM R. TURNER,

      Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; ATTORNEY
GENERAL OF KANSAS,

      Respondents-Appellees.

No. 06-3135
(D.C. No. 05-CV-3103-RDR)
(Kansas)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

William R. Turner, a state prisoner appearing *pro se*,[1] seeks a certificate of

appealability (COA) to challenge the district court's denial of his petition for writ

of habeas corpus under 28 U.S.C. § 2254.[2]  Exercising jurisdiction under 28

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1]We liberally construe Mr. Turner's *pro se* application.  *See Cummings v.
Evans,* 161 F.3d 610, 613 (10th Cir. 1998).

[2]The district court denied Mr. Turner's request for a COA.

U.S.C. § 2253(c)(1), we see no basis for appeal and deny his application for a COA.

Mr. Turner was convicted in Kansas state court of two counts of aggravated indecent liberties with a child, one count of criminal sodomy, and two counts of indecent liberties with a child. He appealed directly to the Kansas Court of Appeals, contending *inter alia* that the trial court erred in failing to instruct the jury it had to agree unanimously on a particular underlying act of taking indecent liberties and in admitting evidence of his prior crimes and gang affiliation. The court of appeals affirmed Mr. Turner's convictions for aggravated indecent liberties with a child and criminal sodomy but reversed his two convictions for indecent liberties with a child. *State v. Turner*, 32 P.3d 1241 (Kan. Ct. App. 2001) (unpublished). The Kansas Supreme Court denied review. The state chose to dismiss the reversed charges rather than retry them.

Mr. Turner then unsuccessfully collaterally challenged his conviction. The state trial court determined he was not entitled to relief stemming from improper admission of evidence of prior crimes, drug use, or gang affiliations because these issues had been decided on direct appeal. It held Mr. Turner's claims of speedy trial violations, judicial misconduct, prosecutorial misconduct, and sufficiency of the evidence were procedurally barred because they could have been raised on direct appeal but were not. The court denied Mr. Turner's ineffectiveness of counsel claim on the merits. The decision was affirmed by the Kansas Court of

Appeals, and the Kansas Supreme Court denied review.

Mr. Turner sought relief in federal court asserting five issues. The district court held Mr. Turner's claims of improper admission of prior crimes, prosecutorial misconduct, and insufficiency of the evidence were procedurally barred. It nevertheless addressed the issues on the merits and denied them along with his claims regarding the trial court's failure to give a unanimity instruction and his counsel's alleged ineffective assistance. In his application to this court, Mr. Turner asserts a denial of due process arising from admission of prior crimes evidence, prosecutorial misconduct, insufficiency of the evidence, and ineffective assistance of counsel.

Mr. Turner's convictions are based on the following facts in the record. In the summer of 1998, he and his wife, Marsha Williamson-Turner, resided with his wife's mother. During that time, the Turner's fourteen year-old niece, H.W., frequently visited the home and sometimes spent the night. During June 1998, Mr. Turner fondled H.W. Shortly thereafter, the Turners moved into their own home. H.W. frequented the new residence and often babysat for the Turner's young daughter while her aunt was at work. During this time, Mr. Turner touched and fondled H.W. on an almost daily basis.

In 1999, H.W. was sleeping in the Turner's bedroom. H.W. laid down in the bedroom while Mr. Turner remained in the living room watching television with his wife and his daughter. After his wife and child fell asleep in the living

room, Mr. Turner went into the bedroom where H.W. was asleep, removed all of his clothing, and laid on the bed next to H.W. Mr. Turner positioned himself so that his penis was touching H.W.'s buttocks. He then fondled her breasts and removed her clothing. Mr. Turner proceeded to insert his fingers in H.W.'s vagina and perform oral sex on her. At some point during the incident, Mr. Turner masturbated. He ejaculated on H.W.'s buttocks. Throughout the event, H.W. asked Mr. Turner to stop. Mr. Turner responded by telling H.W. to be quiet or she would wake up his wife. H.W. took a shower, then awakened her aunt and told her to go and sleep in the bedroom with Mr. Turner. H.W. dozed on the couch until morning. The next day, H.W. told a friend and her friend's grandmother about the incident.

K.C., a fourteen year-old friend of H.W., also fell victim to Mr. Turner. In July 1998, Mr. Turner, H.W., and K.C. were at a local swimming pool. While there, Mr. Turner fondled K.C. atop her swimming suit. K.C. requested that Mr. Turner stop. He did not and proceeded to put his hand inside K.C.'s swimming suit and insert his fingers into her vagina. The next day, the three returned to the pool, and Mr. Turner fondled K.C. as he had done the previous day.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state habeas petitioner "has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253." *Miller-El v. Cockrell,* 537 U.S. 322, 335 (2003). To vest the court of appeals with jurisdiction, he first must obtain a COA. *See id.*

at 336.  A COA will issue only if petitioner makes "a substantial showing of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (citing 28 U.S.C. § 2253(c)(2)).  To do so, petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* (citation and quotation marks omitted).

In determining whether the petitioner has made the required showing, we review the claims presented in his § 2254 petition and generally assess their merit.  *See Miller-El*, 537 U.S. at 336.  In doing so, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable among jurists of reason."  *Id.*  Thus, where petitioner's federal habeas claims were adjudicated on the merits in state court, we will grant an application for a COA only where the state court decision was debatably "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . .' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'  28 U.S.C. § 2254(d)."  *Dockins v. Hines*, 374 F.3d 935, 936-37 (10th Cir. 2004).  "If the claim was not heard on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law *de novo* and its findings of fact, if any, for clear error."  *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th

Cir.1999).

Federal courts need not review habeas corpus issues that were defaulted in state courts if the default constitutes an independent and adequate state ground unless cause and prejudice or a fundamental miscarriage of justice can be shown. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Turner contends the state procedural rule barring presentation of the issues of prosecutorial misconduct and insufficiency of the evidence is not firmly established and regularly applied. We decline to address whether Kansas Supreme Court Rule 183(c) is an independent and adequate state procedural ground to bar Mr. Turner's claims. Rather, like the district court, we reach the merits of his claims. *See United States v. Wright*, 43 F.3d 491, 496 (10th Cir. 1994) (declining to address whether a claim was procedurally barred when claim would fail on the merits). We first address those claims decided on the merits for the first time in the federal habeas proceedings, and follow with a discussion of the claims decided on the merits in the state proceedings, applying the appropriate standards in turn.

We review a sufficiency of the evidence claim in a habeas corpus proceeding to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Kelly v. Roberts*, 998 F.2d 802, 807, 808 (10th Cir. 1993). We accept the jury's resolution of the

evidence as long as it is within the bounds of reason. *Id.* at 808. "This standard of review respects the jury's responsibility to weigh the evidence and draw reasonable inferences from the testimony presented at trial." *Dockins,* 374 F.3d at 939. Here, the testimony of the victims and third-parties provided substantial and credible evidence from which the jury could easily and rationally conclude that Mr. Turner was guilty beyond a reasonable doubt of the crimes charged. Mr. Turner points to no evidence that discredits the victim and witness accounts of the crimes.

Mr. Turner's claim of prosecutorial misconduct must also fail. He alleges "[t]he prosecutorial misconduct during the trial was egregious and designed to keep the scales of justice tipped in favor of the prosecution. The prosecutions [*sic*] delays and attempts to elicit testimony that it knew or should have known to be false rose to the level of constitutional concern." Aplt. Br., Arguments and Authorities at ¶ 6. To succeed on this issue, Mr. Turner must show the prosecutor's conduct rendered his trial fundamentally unfair. *Short v. Sirmons*, 472 F.3d 1177, 1195 (10th Cir. 2006) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 645 (1974)). Mr. Turner complains that the prosecutor purposely delayed his trial and continuously referred to Mr. Turner as a "drug dealing gang member who beats his wife." Reply to State's Resp. to Def.'s Pet. for Writ of Habeas Corpus at 3, *Turner v. Roberts*, No. 05-3103, 2006 WL 749580 (D. Kan. Mar. 23, 2006).

The facts regarding the delay of Mr. Turner's trial are these. The state moved to continue the original trial date of November 8, 1999 until January 3, 2000. On December 21, 1999, the state filed a motion to allow evidence of prior crimes. Because Mr. Turner did not obtain evidence regarding those prior crimes until December 30, 1999, he requested a continuance to properly prepare for trial. The continuance was granted and the trial reset for March 6, 2000. Def.'s Mot. to Dismiss at 1-2, *State v. Turner*, No. 99-CR-2287. Mr. Turner offers no evidence showing that the prosecution moved for the admission of prior crimes for the purpose of delaying the trial.

We have reviewed the trial transcript and find no instances of name-calling; instead, there are factual statements elicited from witnesses as to Mr. Turner's involvement in matters such as use and possession of narcotics, gang membership, and domestic violence. Oftentimes, Mr. Turner's counsel opened the door for the state to pursue such information. *See, e.g.*, Tr. Tran., Vol. II at 93-94 (eliciting information on re-direct about Mr. Turner's gang affiliation after subject of gang membership introduced on cross-examination); Tr. Tran., Vol. III at 71-96 (eliciting information on cross about domestic violence incidents between the Turners after door opened to same on direct examination). Such usual trial practice cannot be considered prosecutorial misconduct. The prosecutor did not act in a way that rendered Mr. Turner's trial fundamentally unfair.

We now turn to Mr. Turner's claims of improper admission of prior crimes.

At trial, the state introduced evidence that Mr. Turner had committed sexual crimes against minor girls on two previous occasions. His counsel objected. The trial court admitted the evidence for the limited purpose of showing intent for the indecent liberty charges and instructed the jury accordingly. Finding the evidence immaterial to the indecent liberties charges and thus improperly admitted, the Kansas Court of Appeals reversed those charges. *State v. Turner*, No. 85,666 at 12 (Kan. Ct. App. Sept. 28, 2001) (unpublished).

But we disagree with Mr. Turner's assertion that there is no other credible evidence supporting his remaining convictions for aggravated indecent liberties with a child and criminal sodomy. Aplt. Br. Arguments and Authorities at ¶ 5. A review of the testimony of the victims and of third parties with whom the victims spoke compellingly details the crimes. Moreover, there is no reason to believe that the jury did not adhere to the limiting instruction given by the trial court. "A central assumption of our jurisprudence is that juries follow the instructions they receive." *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir.1998). Given that the trial court gave the jury a limiting instruction as to the prior crimes evidence and that the appellate court reversed the very charges that the evidence was intended to support, we cannot conclude that the resolution of this issue is debatable among reasonable jurists. *Cf. Duvall v. Reynolds*, 139 F.3d 768, 787-88 (10th Cir. 1998) (holding improper admission of prior acts does not rise to the level of constitutional error if the trial judge instructs jury to disregard the

evidence).

Finally, we address Mr. Turner's contention that he received ineffective assistance of counsel. In making this claim in state court, Mr. Turner alleged several errors, all of which the state court found were either contradicted by the record or concerned strategic and tactical decisions of counsel. *See Turner v. State*, No. 90,552, 2004 WL 1714945, at *1 (Kan. Ct. App. Oct. 26, 2004). The federal district court gave thorough treatment to Mr. Turner's numerous claims of ineffective assistance of counsel and the resulting denial is not debatable under the AEDPA standard we must apply.

Accordingly, for substantially the reasons stated by the district court, we conclude that reasonable jurists would not disagree with that court's dismissal of Mr. Turner's claims. Because Mr. Turner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we **DENY** his request for a COA. We also deny his request to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge